UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLIN WALKER<br>2212 Mayflower Ave. NW<br>Massillon, Ohio 44647<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>*v.*<br><br>BEKAERT CORPORATION<br>c/o Statutory Agent URS Agents, Inc.<br>4568 Mayfield Rd. Suite 204<br>Cleveland, OH 44121<br><br>        Defendant. | CASE NO.<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Colin Walker, on behalf of himself and all others similarly situated, by and through counsel, respectfully files this Class and Collective Action Complaint, and states and alleges the following:

## INTRODUCTION

1. Plaintiff Colin Walker brings this case to challenge policies and practices of Defendant Bekaert Corporation (hereinafter also referred to as "Bekaert" or "Defendant") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

2. Plaintiff bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

3. Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff Colin Walker is an individual and a resident of Stark County, Ohio.

8. Defendant Bekaert is a Delaware for-profit corporation[1] that operates a "specialty steel wire" facility in Ohio at 510 Collins Blvd., Orrville, Ohio 44667.[2] According to records maintained by the Ohio Secretary of State, Defendant Bekaert's statutory agent for service of process in Ohio is URS Agents, Inc., 4568 Mayfield Rd. Suite 204, Cleveland, OH 44121.[3]

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/888515 (last accessed July 28, 2021).
[2] https://www.bekaert.com/en/functional/search/contact-search?regionId=%7B39A1D3FC-8674-4503-B47D-A28120F499F8%7D&regionName=North%20America (last accessed July 28, 2021).
[3] https://businesssearch.ohiosos.gov?=businessDetails/888515 (last accessed July 28, 2021).

## FACTUAL ALLEGATIONS

### Defendant's Business

9. Defendant Bekaert is an international steel wire producer and supplier whose products include metal transformation and coatings, drawn steel wire products, wire, steelcord, steel fibers, steel wire, steel cords, metal fibers, steel coatings, and metal coatings.[4] Bekaert produces steel wire products for cars and trucks, elevators, mines, tunnels, bridges, home and office, machines, and offshore applications.[5]

### Defendant's Status as an Employer

10. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14. Upon information and belief, additional persons also qualify as employers under the FLSA and Ohio law, which broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); O.R.C. 4111.14(B) (incorporating the same meanings as the FLSA for the terms "employer," "employee," and "employ"). These to-be-identified individual and/or corporate persons were

---

[4] https://br.linkedin.com/company/bekaert (last accessed July 28, 2021).
[5] *Id.*

involved in the business operations of Bekaert, controlled the purse strings of Bekaert, had control over significant aspects of Bekaert's day-to-day functions (including determining employee wages), had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rates and methods of payment, and/or maintained, or were required to maintain, employment records.

**Plaintiff's, the FLSA Collective's, and Ohio Class's Employment Statuses with Defendant**

15. Plaintiff Colin Walker was employed by Defendant from approximately January 2019 to June 2021. Plaintiff worked for Defendant as an hourly nonexempt machine operator during the relevant time period.

16. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

17. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked**

18. The FLSA and Ohio law required Defendant to pay overtime compensation to employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

19. Plaintiff and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek.

20. Defendant failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class for all time worked while they were clocked in, including during workweeks

when they worked more than forty (40) hours. Plaintiff Walker, for example, regularly clocked in at least 20-30 minutes early for his shifts and began to work, but he was regularly not paid for this time worked.

21. Upon information and belief, Plaintiff Walker's and other members of the FLSA Collective's and the Ohio Class's time worked was regularly edited by supervisors, resulting in less time paid than time worked. In any event, Plaintiff Walker and other members of the FLSA Collective and the Ohio Class were not paid for all hours worked, including overtime hours worked. 29 U.S.C. § 207.

22. Plaintiff and other members of the FLSA Collective and the Ohio Class are required to clock into a time keeping system at the start of their legally compensable workday, and out at the end of their legally compensable workday. However, Plaintiff's and other members of the FLSA Collective's and the Ohio Class's hours are instead paid based on modified, inaccurate and/or incomplete records submitted to payroll. These modified, inaccurate and/or incomplete records do not include compensable work performed for Defendant at the start and/or end of the legally compensable workday.

23. Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective and the Ohio Class to work more than forty (40) hours per workweek, Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Although hourly employees regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities, hourly employees are not paid for all the time spent performing these tasks.

5

As a result, Plaintiff Walker and other members of the FLSA Collective and the Ohio Class were not properly paid for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law, O.R.C. §§ 4111.03, 4111.10.

24. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

25. Defendant's failure to compensate Plaintiff Walker and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

### Defendant's Record Keeping Violations

26. The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

27. Defendant intentionally and willfully failed to keep accurate records of hours and overtime worked. Thus, Defendant did not record or pay overtime hours in violation of the FLSA and Ohio law.

### The Willfulness of Defendant's Violations

28. Defendant knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

29. Defendant intentionally and willfully edited and/or modified the work times of Plaintiff and other members of the FLSA Collective and Ohio Class to avoid paying overtime compensation.

30. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

33. The FLSA Collective consists of:

> All present and former hourly employees of Defendant Bekaert at the 510 Collins Blvd., Orrville, Ohio 44667 location during the period of three years preceding the commencement of this action to the present who, during one or more workweeks when they worked more than forty (40) hours, were not paid for all hours worked by virtue of having their time edited.

7

34. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. Plaintiff cannot yet state the exact number of similarly-situated persons, but avers, upon information and belief, that they consist of over two hundred persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class").

39. The Ohio Class is defined as:

All present and former hourly employees of Defendant Bekaert at the 510 Collins Blvd., Orrville, Ohio 44667 location during the period of two years preceding the commencement of this action to the present who, during one or more workweeks when they worked more than forty (40) hours, were not paid for all hours worked by virtue of having their time edited.

8

40. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the class consists of over two hundred persons. The number of class members, as well as their identities, is ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

41. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant paid overtime compensation to Plaintiff and other Ohio Class members at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek;
>
> Whether Defendant knew or should have known that Plaintiff and other Ohio Class members were working for hours that they were not paid, but still failed to pay them;
>
> Whether Defendant's failure to pay overtime compensation to Plaintiff and other Ohio Class members at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek was willful; and
>
> What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violation of O.R.C. §§ 4111.03 and 4111.10.

42. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

43. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

48. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

49. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

50. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rates for all of their overtime hours.

51. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

52. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

55. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

57. These violations of Ohio law injured Plaintiff and other members of the Ohio Class in that they did not receive wages due to them pursuant to that statute.

58. Having injured Plaintiff and other members of the Ohio Class, Defendant is "liable to [Plaintiff and other members of the Ohio Class] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115

                                  P: (216) 912-2221    F: (216) 350-6313
                                  jscott@ohiowagelawyers.com
                                  rwinters@ohiowagelawyers.com
                                  kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)
