IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| COLIN WALKER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>v.<br><br>BEKAERT CORPORATION,<br><br>Defendant, | CASE NO. 5:21-CV-01468-BMB<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br>UNITED STATES MAGISTRATE JUDGE<br><br>MAGISTRATE JUDGE<br>CARMEN E. HENDERSON<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. Introduction

This is before the Court on Plaintiff's Notice of Discovery Dispute. (ECF No. 21). The case was referred to the undersigned for resolution of the discovery dispute. (ECF No. 23). After two telephone conferences and briefing by the parties, the undersigned concludes that Defendant has not met its burden justifying discovery from absent class members. Thus, Plaintiff's objection is sustained.

## II. Background

Plaintiff filed an FLSA class action against Defendant for allegedly failing to pay employees all hours of work. The parties are currently attempting to certify a class. This dispute arose after the named plaintiff answered defendant's "targeted" interrogatories, naming Michael Matheny and Aaron Friedman as people with knowledge of the case. The named plaintiff also indicated that he had conversations with Matheny about the lawsuit and that Matheny also viewed

edits made to his start time, complained to his supervisors, and was written up for complaining. As current or former hourly employees of Defendant, Matheny and Friedman are both absent class members. Based on the information Plaintiff provided, Defendant subpoenaed both men, asking for depositions and certain documents. Plaintiff objected.

**III.     Law & Analysis**

Generally, discovery from absent class members is not permitted. *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL 3103161, at *1 (W.D. Tenn. Jan. 30, 2009) (citations omitted). A court can, however, allow discovery from absent class members if the party seeking discovery demonstrates a "particularized need" for the discovery. *Growth v. Robert Bosch Corp.*, No. 1:07-cv-962, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2008). This usually requires a demonstration that "the information requested is relevant to the decision of common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from the representative parties." *Boynton*, 2009 WL 3103161, at *1. The party seeking discovery of the absent class members "bears the burden of proof as to why the discovery is necessary. The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions." *Id.* (citations omitted).

Plaintiff argues that Defendant has not met this heavy burden. Rather than addressing the factors, Defendant cites case law that it asserts allows for an exception to the general rule for "class members who have also been identified as possessing factual knowledge." (ECF No. 25 at 9). Plaintiff responds that the cases Defendant relies on are "inapposite – out of circuit, unpublished, uncited, and distinguishable on [the] facts." (ECF No. 26 at 1). The Court agrees.

Most significantly, Defendant relies on *Coffey v. WCW & Air, Inc.*, 3:17cv90-TKW-HTC, 2019 WL 9089615 (N.D. Fla. July 30, 2019). However, there, the Court found that the "absent class member" was "more accurately described as a fact witness rather than an absent or putative class member and that Defendants [sought] to depose her as such." *Id.* at *2. Thus, the Court stated the relevant third party was subject to deposition. *Id.* Although the *Coffey* court also stated that it would allow discovery even if the relevant witness was an absent class member, it relied on a four-factor test similar to the one used in the sixth circuit. *Id.* After considering the factors, the court allowed discovery from the witness because she was represented by the same counsel as plaintiffs, and she had information that could not be obtained by the class representatives. *Id.* In contrast, here, the absent class members are not represented by counsel and Defendant has not demonstrated that the information requested could not be obtained by the named plaintiff. *Coffey*, therefore, does not support Defendant's position and in fact bolsters Plaintiff's reliance on the relevant factors.

Similarly, in the other cases Defendant relies on, the courts also considered the factors stated above. In *Antoninetti v. Chipotle, Inc.*, the court allowed deposition of absent class members where the absent class members submitted declarations in support of the named plaintiff's class certification (inserting themselves in the litigation), the discovery was not to take advantage of the class members, and the discovery was necessary to the preparation of the opposition to class certification. No. 06cv2671-BTM (WMc), 2011 WL 2003292, at *2 (S.D. Cal. May 23, 2011). Unlike *Antoninetti*, the absent class members here did not inject themselves into the litigation by submitting declarations of support. In *Withers v. eHarmony, Inc.*, the court considered the relevant factors and allowed deposition of absent class members. 267 F.R.D. 316 (C.D. Cal. 2010). The court stated that the defendant deposed the relevant witness, not because of his status as an absent class member, but because he was "a key percipient witness with personal knowledge of plaintiff's

experience with eHarmony." *Id.* at 321. The witness's experiences were "relevant to [named] plaintiff's suitability and adequacy as a class representative, and determining whether plaintiff has 'personal stake' in the litigation." *Id.* Here, Defendant has not attempted to argue that the discovery requested is relevant to the named plaintiff's suitability as a class representative.

Thus, not only is this case distinguishable from the cases Defendant relies upon, but also Defendant fails to meet the necessary factors. Defendant states that the information is not meant to harass the absent class members, but Defendant failed to explain how the discovery requested is necessary to the determination of class certification or why it could not get the same information from the named plaintiff. In fact, when asked, Defendant stated that it wanted to depose Matheny because he was someone who experienced the same time practices as the named plaintiff and complained about it. This may be true, however, of all the absent class members. This information is not relevant to whether the class should be certified. This information can be—and has been—obtained from the named plaintiff. There has, thus, been no showing of a "particularized need" for the discovery. Additionally, the absent class members here are not represented by counsel. Deposing them would require them to hire counsel, weighing against discovery. Accordingly, Defendant did not meet the heavy burden required to justify discovery from absent class members.

## IV. Conclusion

For the above stated reasons, Plaintiff's objection is sustained. Defendant is not entitled to discovery of absent class members.

**IT IS SO ORDERED.**

Dated: February 23, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE