UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLIN WALKER, *On behalf of himself and all others similarly situated*, | ) ) ) ) | CASE NO. 5:21-cv-1468 JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| BEKAERT CORPORATION, | ) ) | |
| Defendant. | ) | |

Before the Court is Defendant Bekaert Corporation's Unopposed Motion for Leave to File Partially Redacted Settlement Agreement. (Doc. No. 45.) For the reasons stated below, Defendant's unopposed motion is DENIED.

**I.     Background**

On July 28, 2021, Plaintiff Colin Walker ("Walker"), on behalf of himself and all others similarly situated, brought this action against Defendant Bekaert Corporation ("Bekaert") for unpaid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and Ohio Rev. Code §§ 4111.03, 4111.10. (Doc. No. 1.)

On August 18, 2023, Bekaert filed the Unopposed Motion for Leave to File Partially Redacted Settlement Agreement. (Doc. No. 45.) Defendant's motion states that the parties have reached a complete settlement of all pending claims, including the claim for unpaid overtime

1

compensation under the FLSA. (*Id.* at 440.)[1] Because court approval is required for the FLSA claim under Section 216(b) of the FLSA, Bekaert seeks to file a redacted version of the final settlement agreement on the public docket with an unredacted version separately submitted to the Court for *in camera* review. (*Id.* at 440-41.)

**II.     Analysis**

Generally, settlement agreements between parties to civil litigation are neither filed on the docket nor "require preservation of public access." *Polch v. Paul F. Vanek, Jr., M.D., Inc.*, No. 1:20-cv-01436, 2020 WL 6383186, at *1 (N.D. Ohio Oct. 30, 2020) (quoting *Altier v. A Silver Lining, LLC*, No. 2:17-cv-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017). FLSA cases are different, though. *Id.* (collecting authorities).

The unopposed motion recognizes that FLSA settlement agreements require court approval. (Doc. No. 45 at 440.) As such, "they are judicial records and judicial records are generally accessible to the public." *Batista v. Tremont Enters.*, Case No. 1:19-cv-361, 2019 WL 3306315, at *2 (N.D. Ohio July 22, 2019) (denying request to seal FLSA settlement agreement because sealing was neither justified by the parties nor warranted under the circumstances). "The courts have long recognized [] 'a strong presumption in favor of openness as to court records.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown v. Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019). The party seeking to either seal or redact court records bears the burden of overcoming this presumption. *Id.* It is a "heavy burden," to be sure, and "[o]nly the most compelling reasons can

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

justify non-disclosure of public records." *Shane*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

Added to the presumption of openness to court records is the FLSA's intended legislative purpose: to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). It is this purpose that has led several courts to conclude that "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla 2010)).

"The public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access judicial documents.'" *Farmer v. LHC Grp., Inc.*, No. 2:20-cv-3838, 2023 WL 3292112, at *1 (May 5, 2023) (quoting *Smolinski v. Ruben & Michelle Enters., Inc.*, No. 16-cv-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017); *see also Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016); *Chime v. Family Life Counseling and Psych Svcs.*, No. 1:19-cv-2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 11, 2020); *Stanley v. Turner Oil & Gas Props.*, No. 2:16-cv-386, 2017 WL 5068444, at *2-3 (S.D. Ohio July 24, 2017) (limited motion to redact FLSA settlement amounts denied).

By relying on *Smith v. SAC Wireless*, No. 20-10932, 2022 WL 1744785, at *4 (E.D. Mich. May 31, 2022), Bekaert appears to say, without arguing why this authority should be deemed persuasive, that this Court should similarly conclude that the proposed redactions strike

3

a balance between its interests and the FLSA's stated purpose to inform workers of their rights under the FLSA. (Doc. No. 45 at 442.) But Bekaert's motion does not discuss or even acknowledge that the "overwhelming majority of trial courts that have considered whether to approve [sealing in FLSA cases] have held that there is a strong presumption in favor of public access to settlement agreements in [FLSA] cases." *Zego*, 2016 WL 4449648, at *1.

Bekaert also cites *Thompson v. Seagle Pizza, Inc.*, No. 3:20-cv-16, 2022 WL 1431084 (W.D. Ky. May 5, 2022) and *Cardwell v. RPM Wholesale & Parts, Inc.* No. 21-10831, 2021 WL 5563979, at *3 (E.D. Mich. Nov. 29, 2021). (Doc. No. 45 at 442-43.) Bekaert similarly does not address why *Thompson* should be persuasive authority given the public's "keen interest" in FLSA litigation. *Farmer*, 2023 WL 3292112, at *1. As for *Cardwell*, Bekaert's citation to this case includes a parenthetical suggesting an argument that redacting payment amounts will discourage future false FLSA claims. But courts in this circuit have largely rejected this argument as being sufficient to overcome the presumption favoring access to judicial records. *See id.* (collecting cases).

The Court recognizes that Bekaert's request is limited to redacting only the payment amounts. That was the same request presented in *Stanley* and, as the court persuasively stated there, "defendants everywhere would rather not advertise the amounts for which they settled – the Court understands that position. But that's part of the purpose of the FLSA; to use the legal system to advertise employees' rights through litigation." 2017 WL 5068444 at *2. The payment amounts are a small portion of the agreement, but they are an important part. *Id*.

Bekaert has not met its burden of establishing a compelling reason to permit the requested redactions that outweighs the public's access to judicial records.

4

### III. Conclusion

The unopposed motion to seal is DENIED.  If the parties intend to proceed with resolving this matter with a settlement agreement, such an agreement must be filed, in its entirety, on the public docket by October 31, 2023.  Absent such a filing by that date, the Court will set a trial date in this matter.

**IT IS SO ORDERED.**

Date: October 17, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE