UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLIN WALKER, | ) |
|         Plaintiff, | )   CASE NO. 5:21-cv-1468 |
| v. | )   JUDGE BRIDGET MEEHAN BRENNAN |
| BEKAERT CORPORATION, | )   **FINAL ORDER AND JUDGMENT** |
|         Defendant. | )   **APPROVING SETTLEMENT** |

    Before the Court is the Joint Motion for Approval of FLSA Settlement filed by the parties. (Doc. No. 49.) The Motion asks the Court to approve, as fair and reasonable, a Settlement and Release Agreement that resolves all claims Plaintiff asserted or could have asserted in this action, including claims under the Fair Labor Standards Act ("Settlement Agreement"). (Doc. No. 49-1.)

    Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement Agreement, as follows:

    1.    Plaintiff's Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.01 et seq., by failing to pay overtime compensation at the rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty hours per workweek. (*See* Doc. No. 1.)

1

2. The proposed Settlement and Release Agreement resolves only claims brought by Plaintiff Colin Walker, individually. This settlement does not resolve or release any collective action or class action claims on behalf of any other employee(s) of Defendant.

3. In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Pittman v. Matalco (U.S.), Inc.*, No. 4:18-cv-203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014)).

4. The Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute. *See UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (factors for consideration include: risk of fraud or collusion; complexity, expense, and likely duration of the litigation; likelihood of success on the merits; opinions of plaintiff and counsel; and the public interest); *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

5. The Court approves the Settlement Agreement and orders that the Settlement Agreement be implemented according to its terms and conditions.

6. The Court further finds that the specified amount for attorney's fees and costs is reasonable, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "A reasonable fee is one

that is adequate to attract competent counsel, but...[does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "That attorneys' fees exceed Plaintiffs' awards, in this case, is neither uncommon nor unreasonable." *Pittman*, 2018 WL 6567801, at *1; *see also Fegley v. Higgins*, 19 F.3d 1126, 1134 35 (6th Cir.), *cert. denied*, 513 U.S. 875 (1994) (upholding an award of $40,000 in attorneys' fees where the plaintiff's damages were minor). "[P]roportionality between fees and damages is not required. 'To hold otherwise would in reality prevent individuals with relatively small claims from effectively enforcing their rights.'" *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955 (E.D. Wis. 2003), *aff'd*, 93 F. App'x 81 (7th Cir. 2004) (awarding $36,204.88 in attorney's fees, but $3,540.00 in plaintiff's damages) (quoting *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-29 (7th Cir. 1972)).

7.   Defendant shall pay Plaintiff and Plaintiff's counsel the gross amount of Fifty-Two Thousand Five Hundred Dollars and Seventy-Five Cents ($52,500.75) (the "Settlement Amount"). The Settlement Amount shall be allocated as follows: Six Thousand One Hundred Sixty-Six Dollars and Five Cents ($6,166.05) to Plaintiff; and Forty-Six Thousand Three Hundred Thirty-Four Dollars and Seventy Cents ($46,334.70) to Plaintiff's counsel, Scott & Winters Law Firm, LLC, representing alleged attorney's fees in the amount of Forty-Five Thousand Dollars and No Cents ($45,000.00) and alleged litigation costs of One Thousand Three Hundred Thirty-Four Dollars and Seventy Cents ($1,334.70). The terms and timing of such payment shall be as set forth in the Settlement Agreement. (*See* Doc. No. 49-1.)

8. This Action and all claims of Plaintiff herein are dismissed with prejudice, with each party to bear its own costs and fees except as provided in the Settlement Agreement. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

**IT IS SO ORDERED.**

**Date:** December 1, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE